IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2020

**STATE OF TENNESSEE v. VERNON LEE IVEY**

**Appeal from the Criminal Court for Campbell County**
**No. 17737    E. Shayne Sexton, Judge**
_____

**No. E2020-00022-CCA-R3-CD**
_____

The Defendant, Vernon Lee Ivey, pled guilty in the Campbell County Criminal Court to aggravated burglary, a Class C felony; theft of property valued over $2,500, a Class D felony; burglary, a Class D felony; two counts of theft of property valued over $1,000 but less than $2,500, a Class E felony; one count of automobile burglary, a Class E felony; and four counts of theft of property valued $1,000 or less, a Class A misdemeanor, and was sentenced by the trial court to an effective term of thirty years in the Department of Correction.  On appeal, he argues that the trial court erred by misclassifying him as a career offender for the Class D and E felonies, by imposing an excessive sentence, and by ordering a sentence of confinement rather than probation or other alternative sentencing.  Following our review, we affirm the sentences as imposed by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Darren F. Mitchell, Jacksboro, Tennessee (on appeal), and J. Stephen Hurst, Lafollette, Tennessee (at trial), for the appellant, Vernon Lee Ivey.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Jared Effler, District Attorney General; and Lindsey Cadle, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## FACTS

On October 11, 2017, the Campbell County Grand Jury returned a seventeen-count indictment charging the Defendant with two counts of aggravated burglary, three counts of forgery, seven counts of theft of property valued at $1,000 or less, two counts of theft of property valued over $1,000 but less than $2,500, one count of theft of property valued at $2,500 but less than $10,000, one count of burglary, and one count of automobile burglary.

On September 3, 2019, the Defendant pled guilty to four counts of theft of property valued $1,000 or less, a Class A misdemeanor; two counts of theft of property valued over $1,000 but less than $2,500, a Class E felony; one count of theft of property valued over $2,500, a Class D felony; one count of aggravated burglary, a Class C felony; one count of burglary, a Class D felony; and one count of automobile burglary, a Class E felony. Pursuant to the terms of his negotiated plea agreement, the remaining counts of the indictment were dismissed, and the sentencing was left to the trial court's determination. The Defendant's convictions arose from his actions in August 2017 when he broke into the buildings and vehicles of several different individuals and stole expensive tools and other equipment.

At the December 9, 2019 sentencing hearing, the State introduced the Defendant's presentence report, which reflected that the forty-three-year-old Defendant had a lengthy criminal history dating from the age of nineteen, with numerous prior theft and forgery convictions, as well as a few drug- and driving-related convictions. The Defendant reported that he had attended school through the eleventh grade but had not graduated or obtained his GED, that he had been diagnosed with bipolar disorder several years earlier but was not under a physician's care and was not taking any medication, that he had worked for several years off and on in construction, and that he had a history of opiate abuse but had never been to a treatment program. The Defendant reported his primary source of income was "work." Included in the presentence report was information presumably provided by the Defendant that he had spent approximately one month in late December 1992 through January 1993 at a mental health treatment facility in Knoxville. There is no indication in the report that the information was verified.

The presentence report further reflected that the Defendant had been on parole at the time he committed the instant offenses and that he pled guilty on September 3, 2019, to additional theft and burglary offenses that he had committed while released on bond in the instant case. Prior to the sentencing hearing in the instant case, the Defendant received an effective six-year sentence for those convictions.

One of the victims in the instant case, Roger Miller, testified that the Defendant cut the lock on his shed and took three top-of-the-line chainsaws, a weed eater, and a drill. He

estimated that it would cost him approximately $3,000 to $4,000 to replace his tools and expressed his hope that the Defendant would receive the maximum sentence under the law.

Without objection from defense counsel, the prosecutor read aloud from the victim impact statement of a second victim, Keith McCarty. Mr. McCarty described how the Defendant stole various tools, including an "Earthquake auger," from his property. He stated the auger was eventually returned to him after the man to whom the Defendant attempted to sell it recognized it as stolen property and contacted the police. He stated he was still seeking $500 restitution for the tools that had not been recovered. Finally, he expressed his frustration at the fact that someone with a criminal history of repeated thefts continued to victimize hard-working individuals such as himself, and he requested that the trial court sentence the Defendant to the maximum punishment allowed by law.

In nine exhibits, the State introduced certified copies of the Defendant's prior felony convictions in nine separate cases, many of which involved multiple counts. In a tenth exhibit, the State introduced certified copies of the Defendant's misdemeanor convictions in two cases. Included in "Exhibit 5," which contained certified copies of the Defendant's three convictions in one case (possession of a Schedule II drug with intent to sell, possession of drug paraphernalia, driving on a suspended license) were three convictions for "Mary B. Ivey," with the same case number and the same offense date, for possession of a schedule IV drug with the intent to sell, public intoxication, and felony possession of drug paraphernalia.

The prosecutor argued that the Defendant should be sentenced as a career offender for the Class D and E felony convictions and as a persistent offender for the Class C felony conviction. The trial court agreed, finding that the Defendant had the requisite prior convictions to be sentenced as a career offender for the Class D and E felonies and as a persistent offender for the Class C felony of aggravated burglary. The trial court found the following enhancement factors applicable to the offenses and entitled to some weight: the Defendant's previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range; the offenses occurred over a series of days and involved more than one victim; and the Defendant was released on parole at the time he committed the offenses. Tenn. Code Ann. § 40-35-114(1), (3), (13)(B). The court assigned some weight in mitigation to the fact that the offenses did not threaten or cause serious bodily injury. Tenn. Code Ann. § 40-35-113(1).

Based on the mandatory sentencing required for a career offender, the trial court sentenced the Defendant to twelve years at 60% for the Class D burglary conviction, twelve years at 60% for the Class D theft of property conviction, six years at 60% for each of the Class E felony theft convictions, and six years at 60% for the Class E automobile burglary conviction. See Tenn. Code Ann. § 40-35-108(b), (c). The court sentenced the Defendant

as a persistent offender to twelve years, less than the midpoint in the range, for the Class C aggravated burglary conviction.

The trial court noted that the Defendant's sentences were statutorily required to be served consecutively to the six-year effective sentence he had received for the convictions committed while on bond in the instant case. With respect to discretionary consecutive sentencing, the trial court found that the Defendant's record, while not sufficient for the Defendant to be classified as a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood, was sufficient for the court to find beyond a reasonable doubt that the Defendant was an offender whose record of criminal activity was extensive. See Tenn. Code Ann. § 40-35-115(b)(2).

As to the manner of service, the trial court noted the Defendant's reported history of drug use and addiction but found that it was not "pervasive" and did not appear to be the driving force behind the Defendant's criminal acts. The court found that the Defendant lacked commitment in "taking part in positive areas of life" and that there was nothing in his history to suggest that anything other than a sentence of confinement was warranted. More specifically, the court found, based on the Defendant's history and his STRONG-R risk assessment analysis, that the Defendant had clearly demonstrated that he would not abide by the conditions of probation or other release into the community. The court additionally found that confinement was necessary to deter the Defendant from committing further criminal acts and to protect the community from his criminal behavior.

At the conclusion of the hearing, the court ordered that the Defendant's two 12-year sentences for burglary and Class D theft of property be served concurrently to each other and the Defendant's three 6-year sentences for Class E theft of property and automobile burglary be served concurrently to each other but consecutively to the burglary and Class D theft of property sentences. The court ordered that the Defendant's 12-year sentence at 45% for the Class C offense of aggravated burglary be served consecutively to the other two sets of sentences, for a total effective sentence of thirty years in the Department of Correction.[1]

## ANALYSIS

On appeal, the Defendant argues that the trial court erred by classifying him as a career offender, which led to an excessive sentence, and by denying probation or other alternative sentencing. The State responds by arguing that the record fully supports the trial court's sentencing determinations. We agree with the State.

---

[1] The judgment forms reflect that the Defendant received concurrent 11-month, 29-day sentences for his four misdemeanor theft convictions.

- 4 -

Under the 2016 amendments to the Sentencing Act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing; and

(8) The result of the validated risk and needs assessment conducted by the department and contained in the presentence report.

Tenn. Code Ann. § 40-35-210(b).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Accordingly, we review a trial court's sentencing determinations under an abuse of discretion standard, "granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." Id. at 707. This standard of review also applies to "questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

The Defendant first contends that the trial court imposed an excessive sentence by erroneously classifying him as a career offender for the Class D and E felonies. To qualify as a career offender for sentencing for those felonies, the Defendant was required only to

have at least six prior felony convictions of any classification. Tenn. Code Ann. § 40-35-108. The Defendant complains about the State's mistaken inclusion of certified copies of his co-defendant's two felony convictions in the sentencing exhibits and argues that several of his felony convictions that occurred close together in time should be counted as a single conviction for classification purposes. See Tenn. Code Ann. § 40-35-108(b)(4) (providing that "felonies committed as part of a single course of conduct within twenty-four (24) hours constitute one conviction" for sentencing purposes). The Defendant concedes that he would still have ten prior felony convictions if the complained-of convictions are removed from the tally, but he suggests that five of those ten should be discounted because they were based on offenses that occurred twenty-four years ago when he was only nineteen. He cites no authority in support of his proposition that offenses committed years in the past or as a teenager should not be counted, and we are unpersuaded by his argument that it was unfair for the trial court to classify him as a career offender due to the harshness of the resulting mandatory sentences. We, therefore, conclude that the trial court properly classified him as a career offender for the Class D and E felonies.

The Defendant next contends that the trial court abused its discretion by imposing a sentence of confinement rather than probation or some other form of alternative sentencing. He points out that the probation and parole officer who prepared the presentence report apparently made no effort to verify or follow up on his mental health status and that neither the officer nor the trial court considered how his "impulsivity" and "opportunism" referenced in the STRONG-R risk analysis report might be related to his bipolar disorder. The State responds that the trial court properly ordered a sentence of full confinement after considering the appropriate sentencing guidelines and making findings of fact for the record. We, again, agree with the State.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" Tenn. Code Ann. § 40-35-102(6).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Id. § 40-35-303(a). As the State points out, the Defendant, who received twelve-year sentences for three of the convictions, was not eligible for probation.

To qualify for consideration for punishment in the community under the community corrections, an offender must meet all of the following criteria:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug-or alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence; and

(F) Persons who do not demonstrate a pattern of committing violent offenses.

Tenn. Code Ann. § 40-36-106(a)(1).

In determining if incarceration is appropriate in a given case, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

The record reflects that the trial court considered the sentencing guidelines, the facts and circumstances surrounding the offenses, and the background information in the presentence report, including the Defendant's prior failures to abide by the terms of

sentences involving release into the community, before ordering a sentence of confinement. The trial court also made findings for the record that a sentence of confinement was necessary to prevent the Defendant from further criminal acts and to protect the community from the Defendant's criminal behavior.

The Defendant asserts that the trial court's reference in its findings to the Defendant's having just been released on parole when he committed the offenses, when the Defendant had in fact been released in 2015, shows that the trial court did not accurately consider the entire record and the Defendant's background of drug addiction and bipolar disorder. We respectfully disagree. Although the trial court did not mention every detail in the presentence report, it was clear that the court was familiar with the information in the report and with the Defendant's background. Accordingly, we find no abuse of discretion in the trial court's sentencing determinations.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE